JUDGE ENGELMAYER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

ALEX AND ANI, INC.,

            Plaintiff,

v.

ELENA CASTANEDA dba OVERSTOCK
JEWELRY.COM and BLING JEWELRY INC.

            Defendants.

-----------------------------------------------------------------

ECF CASE

11-cv-7154 (PAE)

**COMPLAINT AND JURY DEMAND**

Plaintiff Alex and Ani, Inc., through its attorneys at the Garbarini Law Group P.C., by way of Complaint against defendants ELENA CASTANEDA d/b/a OVERSTOCKJEWELRY.COM and BLING JEWELRY INC. alleges as follows:

## NATURE OF THE CASE

1.    This is an action at law and in equity arising under the Patent Act of 1952, 35 U.S.C. §§ 101 *et seq.*; the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (1994)("Lanham Act"); and the anti-dilution laws of the State of New York.

## THE PARTIES

2.    ALEX AND ANI, INC. is a Rhode Island corporation with its principal place of business located at 115 Pettaconsett Avenue, Cranston, Rhode Island.

3.    Upon information and belief, ELENA CASTANEDA ("CASTANEDA") is an individual residing in the City and State of New York. CASTENDA does business under the name OVERSTOCK JEWELER which is an internet based business which sells jewelry and accessories on its Internet website <overstockjeweler.com>.

4. Upon information and belief, BLING JEWELRY INC. ("BLING JEWELRY") is an internet based business which sells jewelry and accessories and at all relevant times maintained its primary place of business in the City and State of New York. BLING JEWELRY sells its jewelry products on its Internet website < blingjewelry.com> and on its Amazon Store site.

## JURISDICTION AND VENUE

5. This action arises under the Patent Act of 1952, 35 U.S.C. §§ 101 *et seq.*, and the Lanham Act 15 U.S.C. §§ 1051 *et seq.* This Court has jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has *in personam* jurisdiction over CASTANEDA because CASTANEDA resides and has distributed or sold infringing merchandise within the State of New York, has manufactured or distributed products used or consumed within this State of New York in the ordinary course of trade, and has otherwise made or established contacts within the State, sufficient to permit the exercise of personal jurisdiction.

7. This Court has *in personam* jurisdiction over BLING JEWELRY because BLING JEWELRY resides and has distributed or sold infringing merchandise within this State of New York, has manufactured or distributed products used or consumed within this State of New York in the ordinary course of trade, and has otherwise made or established contacts within the State of New York, sufficient to permit the exercise of personal jurisdiction.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b) because the Defendants reside and/or may be found in this judicial district and acts of infringement were committed in this judicial district.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(1) because defendant CASTANEDA resides in this judicial district, and defendant BLING JEWELRY is a corporation subject to personal jurisdiction in this judicial district.

## THE PATENT

10. Alex and Ani is the owner of Design Patent No. U.S. Pat. No. D498,167 entitled "Expandable Wire Bracelet" (the "'167 Patent.")

11. The '167 Patent was duly and legally issued by the United States Patent and Trademark Office on November 9, 2004 to inventor Carolyn Rafaelian, who has assigned all right, title, and interest in the patent to Plaintiff Alex and Ani, Inc.

12. A true and correct copy of the '167 Patent is attached hereto as Exhibit A.

13. The '167 Patent is directed to a bangle bracelet.

## DEFENDANTS' INFRINGEMENT

14. Defendants CASTANEDA doing business as OVERSTOCKJEWELER.COM and BLING JEWELERY are internet based sellers of jewelry and accessories.

15. In or around September of 2011, CASTENEDA and BLING JEWELRY copied, sold and/or distributed bangles identical to Plaintiff's patented bangles on each of the websites (the "Accused Bangles"), as well as BLING JEWELRY's page at Amazon.com.

16. Defendants were served with a cease and desist letter by Federal Express on or about September 14, 2011, demanding Defendants stop selling the Accused Bangles.

17. Defendant CASTENEDA signed the Federal Express acknowledgment of receipt.

18. Defendants, however, failed to respond to this letter or to cease and desist in their advertising, selling, manufacturing and/or distributing the Accused Bangles.

19. Defendants were sent a second cease and desist on or about September 27, 2011, demanding again that Defendants stop selling the Accused Bangles, and again, failed to stop advertising, selling, manufacturing and/or distributing the Accused Bangles.

20. As of the date of this Complaint, Defendants continue to advertise, sell, and/or distribute the Accused Bangles through the Internet platforms OVERSTOCKJEWELER.COM, BLINGJEWELRY.COM and Amazom.com.

21. Defendants' infringement of the '167 Patent is now with full knowledge of Plaintiff's exclusive rights under the '167 Patent.

## COUNT ONE

### INFRINGEMENT OF U.S. Pat. No. D498,167

22. Plaintiff repeats and realleges all of the proceeding paragraphs as if stated at length herein.

23. In violation of 35 U.S.C. § 271(a), the Defendants have manufactured, used, offered for sale, distributed and/or sold in the United States, bangles that infringe the '167 Patent.

24. In violation of 35 U.S.C. §§ 271(b) and (c), the Defendants have actively induced the infringement of, and/or contributed to the infringement of the '167 Patent.

25. The infringement of the '167 Patent by the Defendants has occurred with knowledge of the '167 Patent and has been willful and wanton.

26. Plaintiff has suffered and will continue to suffer serious and irreparable injury unless the Defendants' infringement of the '167 Patent is enjoined.

27. Plaintiff seeks damages in an amount to be determined at the trial of this action.

## COUNT TWO

### FEDERAL UNFAIR COMPETITION AS TO TRADE DRESS

28. Plaintiff repeats and realleges all of the proceeding paragraphs as if stated at length herein.

29. Plaintiff's Trade Dress has acquired secondary meaning.

30. Defendants' manufacture, sale and/or distribution of knockoffs, duplicates or confusingly similar imitations of Plaintiff's Trade Dress has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Plaintiff, or affiliated, connected, or associated with Plaintiff or have the sponsorship, endorsement or approval of Plaintiff.

31. Defendants have made false representations or false descriptions and false designations of origin of its goods in violation of 15 U.S.C. § 1125(a), and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiffs goodwill and reputation as symbolized by the Trade Dress, for which Plaintiff has no adequate remedy at law.

32. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Trade Dress to the great and irreparable injury of Plaintiff.

33. Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

## COUNT THREE

### FEDERAL DILUTION AS TO TRADE DRESS

34. Plaintiff repeats and realleges all of the proceeding paragraphs as if stated at length herein.

35. Plaintiff has extensively and continuously promoted and used the Trade Dress both in the United States and throughout the world, and the Trade Dress has thereby become a famous and well-known indicator of the origin of Plaintiff's goods.

36. Defendants are making commercial use in commerce of trade dress that dilutes and is likely to dilute the distinctiveness of Plaintiff's Trade Dress by eroding the public's exclusive identification of this famous Trade Dress with Plaintiff, tarnishing and degrading the positive associations and prestigious connotations of the Trade Dress, and otherwise lessening the capacity of the Trade Dress to identify and distinguish goods and services.

37. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Trade Dress or to cause dilution of the Trade Dress, to the great and irreparable injury of Plaintiff.

38. Defendants have caused and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiff's famous and distinctive Trade Dress in violation of 15 U.S.C. § 1125(c), and Plaintiff therefore is entitled to injunctive relief and to Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(c), 1116 and 1117.

## COUNT FOUR

### DILUTION UNDER NEW YORK STATE LAW

39. Plaintiff repeats and realleges all of the proceeding paragraphs as if stated at length herein.

40. Plaintiff has extensively and continuously promoted and used the Trade Dress in the United States and throughout the world, and the trade dress has become a distinctive, famous and well-known symbol of Plaintiffs goods and services.

41. Defendants' unauthorized use of Plaintiffs Trade Dress dilutes and is likely to dilute the distinctiveness of Plaintiff's Trade Dress by eroding the public's exclusive identification of this famous Trade Dress with Plaintiff, and tarnishing and degrading the positive associations and prestigious connotations of the Trade Dress.

42. Defendants are causing and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiff's famous and distinctive Trade Dress in violation of the N.Y. Gen. Business Law § 360-l (McKinney 1996).

### JURY DEMAND

43. Plaintiff hereby demands a trial by jury of all issues and claims so triable.

### PRAYER FOR RELIEF

WHEREFORE, ALEX AND ANI respectfully requests this Court enter judgment in its favor and against the Defendant and grant the following relief:

A. A judgment that the Defendants have infringed the '167 Patent in violation of 35 U.S.C. §§ 271(a), (b), and (c);

B. A judgment that the Defendants' infringement of the '167 Patent has been willful and wanton;

C. A permanent injunction, pursuant to 35 U.S.C. § 283, enjoining the Defendants, and all persons in active concert or participation with the Defendants, from any further acts of infringement, inducement of infringement, or contributory infringement of the '167 Patent;

D. An order, pursuant to 35 U.S.C. § 284, awarding ALEX AND ANI damages adequate to compensate for the Defendants' infringement of the '167 Patent, in an amount to be determined at trial, but in no event less than a reasonable royalty;

E. An order, pursuant to 35 U.S.C. § 284, and based on the Defendants' willful and wanton infringement of the '167 Patent, trebling all damages awarded to Alex and Ani;

F. An order, pursuant to 35 U.S.C. § 284, awarding ALEX AND ANI interest on the damages and its costs incurred in this action;

G. An order permanently enjoining Defendants and all their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, from:

    1. using the Trade Dress, or any other copy, reproduction, or colorable imitation or simulation of Plaintiff's Trade Dress on or in connection with Defendants' goods or services;

    2. using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, or in any way similar to the trademarks, service marks, names, or logos of Plaintiff;

    3. using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendants' goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff, or are sponsored or authorized by or in any way connected or related to Plaintiff;

    4. using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendants' goods or services that dilutes or is likely to dilute the distinctiveness of the trademarks, service marks, names, or logos of Plaintiff; and

    5. otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

I.     Defendants be ordered to recall all products bearing the Trade Dress or any other confusingly similar mark, which have been shipped by Defendants or under their authority, to any customer including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Defendants;

J.     Defendants be ordered to deliver up for impoundment and for destruction all bangles, tags, signs, packages, receptacles, advertising, sample books, promotional material,

stationery or other materials in the possession, custody, or under the control of Defendants that is found to adopt, to infringe, or to dilute any of Plaintiff's trademarks or trade dress or that otherwise unfairly compete with Plaintiff and their products and services; Defendants be compelled to account to Plaintiff for any and all profits derived by Defendants from the sale or distribution of infringing goods as described in this Complaint;

K. Based on Defendants' knowing and intentional use of confusingly similar imitations of Plaintiff's Trade Dress, the damages award be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

L. Defendants be required to pay to Plaintiff, the costs of this action and their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

M. Based on Defendants' willful and deliberate infringement and dilution of Plaintiffs marks and trade dress, and to deter such conduct in the future, Plaintiff should be awarded punitive damages; and

N. Such other and further relief as this Court may deem just and proper.

Dated: October 12, 2011
New York, New York

Garbarini Law Group P.C.
*Attorneys for Plaintiff Alex and Ani, Inc.*

By: Richard M. Garbarini (RG5496)
rgarbarini@garbarinilaw.com
501 Fifth Avenue
Suite 1708
New York, New York 10017
Telephone: 212.300.5358
Facsimile: 888.265.7054